UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY SMITH,

Plaintiff,

v.

PREMIER SECURITY,

Defendant.
_____________________________________/

Case No. 2:26-cv-11973

District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (ECF No. 17), DIRECTING THE CLERK OF THE COURT TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 15), and EXTENDING DEADLINE TO RESPOND TO MOTION TO DISMISS (ECF No. 11)**

Judge Leitman has referred this employment discrimination case to me for all pretrial matters. (ECF No. 12.) Presently before the Court is Defendant's October 12, 2026, motion (ECF No. 17) to strike Plaintiff's October 1, 2026, first amended complaint (FAC) (ECF No. 15).

Upon consideration, Defendant's motion (ECF No. 17) is **GRANTED**. Defendant filed its pending motion to dismiss on September 2, 2026 (ECF Nos. 11, 13), so the deadline by which to file an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) was Wednesday, September 23, 2026. As Defendant points out, "[e]ven affording Plaintiff the three additional days provided by Fed. R. Civ. P. 6(d), and extending the resulting Saturday deadline to the next

business day under Fed. R. Civ. P. 6(a)(1)(C), that period expired no later than Monday, September 28, 2026." (ECF No. 17, PageID.255 ¶ 3.) And Plaintiff has made no showing under Fed. R. Civ. P. 6(b)(1)(B) to justify being excused from the deadlines contained in the Court Rules. Moreover, Defendant contends that "Plaintiff did not request Defendant's consent to the amendment, and he did not file a motion for leave to amend." (ECF No. 17, PageID.265.) *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Indeed, Plaintiff has not filed such a motion.

Accordingly, the Clerk of the Court is **DIRECTED** to strike Plaintiff's FAC (ECF No. 15). Additionally, the Court notes that Defendant's pending motion to dismiss (ECF No. 11) is presently unopposed, as the Court's September 4, 2026, order required Plaintiff to file a response on or before Friday, October 2, 2026 (ECF No. 14) and Plaintiff has yet to do so. Still, the Court recognizes that Plaintiff is proceeding *in pro per* and may have mistakenly believed that his improperly and untimely filed FAC (ECF No. 15) would suffice as a response to Defendant's motion to dismiss (ECF No. 11); thus, Plaintiff's deadline for responding to the motion to dismiss is **HEREBY EXTENDED** to **Friday, November 6, 2026**.

Plaintiff is cautioned that he may not include a request for leave to amend in his response to the motion to dismiss; instead, he must file a separate motion under Fed. R. Civ. P. 15. *See* E.D. Mich. 7.1(i) ("Motions must not be combined with any other stand-alone document. For example … a counter-motion must not be combined with a response or reply …. Papers filed in violation of this rule will be stricken.") *See also* E.D. Mich. LR 5.1(e)(1); Electronic Filing Policies and Procedures E.D. Mich. R5(f).

**IT IS SO ORDERED.**



Dated: October 19, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE